**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IGNITE USA, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PACIFIC MARKET INTERNATIONAL, LLC,  )<br>)<br>Defendant.  )<br>)<br>) | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ignite USA, LLC ("Ignite") hereby states its complaint for patent infringement against defendant Pacific Market International, LLC ("Defendant" or "PMI") and alleges as follows:

**NATURE OF ACTION**

1. This is an action for infringement of U.S. Patent No. 9,095,233, as provided for under Title 35, United States Code §§ 271 *et seq.*

**PARTIES**

2. Plaintiff Ignite is an Illinois limited liability company with a place of business at 180 North LaSalle Street, Suite 700, Chicago, Illinois 60601. Ignite is engaged, *inter alia*, in the business of designing, developing, manufacturing and selling drinking containers.

3. On information and belief, Defendant PMI is a Washington limited liability company with a principal place of business at 2401 Elliott Ave, 4th Floor, Seattle, Washington 98121.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 281 for claims arising under 35 U.S.C. §§ 1 *et seq*., the Patent Laws of the United States.

5. This Court has personal jurisdiction over Defendant PMI because it has purposely availed itself of the laws of the State of Illinois and this judicial district, including as described in paragraphs 7–9 below, which are incorporated by reference herein. Personal jurisdiction is proper here because Defendant has sufficient minimum contacts with Illinois such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Personal jurisdiction over Defendant is further vested in this Court under the provisions of one or more sections of the Illinois Compiled Statutes, 735 ILCS §§ 5/2-201 through 5/2-213.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**RELEVANT FACTS**

7. Ignite develops, manufacturers, markets, offers for sale, and sells specialty drinking containers, such as its "West Loop," "Aria," "Astor," and "Sport" products.

8. Defendant manufactures, markets, offers for sale and/or sells drinking containers, including, for example, drinking containers under the "Aladdin®" and "Stanley®" brand names and bearing names and/or labels: "Stanley Classic One Hand Vacuum Mug," "Perfect Vacuum Insulated Mug," "Press-to-Sip Insulated Mug," "Flip & Sip," and "Nineteen13 One-Hand Vacuum Mug" (the "Representative Drinking Containers"), in the United States, the State of Illinois and this judicial district, including though their websites (http://www.shopaladdin-

pmi.com and http://www.shopstanley-pmi.com), and through online retailers, for example, Amazon (www.amazon.com).

9. On information and belief, Defendant PMI also offers for sale, sells and/or otherwise distributes products through various retailers that operate in Illinois and in this judicial district, including, for example, Ace Hardware, Kmart, CVS, Crate and Barrel, Wal-Mart, Rite Aid, Meijer Inc., Costco, and Target.

## COUNT I
## PATENT INFRINGEMENT (U.S. PAT. NO. 9,095,233)

10. Ignite hereby charges Defendant with infringement of U.S. Patent No. 9,095,233 in violation of Title 35, United States Code §§ 271 *et seq*., and realleges by reference Paragraphs 1-9 above.

11. U.S. Patent No. 9,095,233 entitled "TRAVEL CONTAINER HAVING DRINKING ORIFICE AND VENT APERTURE" ("the '233 patent") issued on August 4, 2015. A true and accurate copy of the '233 patent is attached as EXHIBIT A.

12. The '233 patent is still in full force and effect, and its claims are presumed valid under the Patent Laws of the United States.

13. Ignite is the sole owner, by assignment, of the entire right, title and interest in and to the '233 patent.

14. Claim 21 of the '233 patent claims the following invention:

A drinking container comprising:
    a container body having a cavity and a removable lid covering the cavity, the lid having a drink aperture to allow liquid within the container cavity to be dispensed, the lid having a vent aperture to allow pressure within the container cavity to be released, a drink seal operably closing the drink aperture, a vent seal operably closing the vent aperture, a vent chamber between the vent seal and the vent aperture when the vent seal is in a closed position, the vent chamber having a cross-sectional area greater than a cross-sectional area of the vent aperture, the lid further having a trigger with a distal end that operates as a push-button end, the

trigger translating in a straight line transverse to a longitudinal axis of the container body during the entire movement of the trigger to define a straight-line actuation stroke, wherein operation of the trigger operates to cause the drink seal to move to an open position to open the drink aperture, wherein operation of the trigger operates to cause the vent seal to move to an open position to open the vent aperture.

15. The Representative Drinking Containers include the Stanley Classic One Hand Vacuum Mug, which includes the following elements, as shown in the images below:




16. Defendant has been and still is directly infringing and/or inducing the infringement of at least claim 21 of the '233 patent, either literally or under the doctrine of equivalents, by at least making, using, selling, offering for sale and/or importing for sale in the United States, without license or authority, products covered by the '233 patent, including, for example, the Representative Drinking Containers, such as shown in Paragraph 15 above.

17. Defendant PMI has been provided with actual or constructive of the '233 patent in accordance with 35 U.S.C. § 287(a), and Defendant has continued to infringe the '233 patent

4

Upon information and belief, Defendant's actions complained of herein will continue unless enjoined by this Court.

18. Ignite has been damaged and irreparably harmed by Defendant infringement of the '233 patent in an amount as yet undetermined, and will continue to be damaged and irreparably harmed by such activities unless Defendant's infringing activities are enjoined by this Court.

19. On information and belief, Defendant's infringement of the '233 patent has been willful, deliberate and intentional.

20. This infringement action is an exceptional case under 35 U.S.C. § 285, and as such Ignite is entitled to an award of reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ignite USA, LLC prays for the following relief:

1. Judgment that Defendant is liable for infringement of the '233 patent.

2. An award of damages to Ignite due to infringement of the '233 patent, pursuant to 35 U.S.C. § 271, including pre-judgment and post-judgment interest, pursuant to 35 U.S.C. § 284.

3. An award of treble damages against Defendant due to its deliberate and willful patent infringement of the '233 patent, pursuant to 35. U.S.C. § 284.

4. That Defendant and its officers, agents, servants, employees, attorneys, and all other persons in active concert and/or participation with them who receive notice, be permanently enjoined and restrained from further infringing the '233 patent, during the remaining term thereof, pursuant to 35 U.S.C. § 283.

5. An order impounding and destroying all of Defendant's products that infringe the '233 patent.

6. That Defendant be directed to file in Court, and to serve on Ignite, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

7. A finding that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding Ignite its costs, disbursements, and attorney fees for this action.

8. That this Court award such other and further relief to Ignite as the Court deems just.

## JURY DEMAND

Ignite requests a trial by jury on all issues so triable.

Respectfully submitted,

IGNITE USA, LLC

Dated: February 3, 2016         By:   /s/ Jonathan M. Cyrluk
                                         One of its attorneys

Stephen M. Schaetzel
GA Bar No. 628653 (pro hac vice pending)
Warren J. Thomas (pro hac vice pending)
GA Bar No. 164714
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
sschaetzel@mcciplaw.com
wthomas@mcciplaw.com

Jonathan M. Cyrluk (ARDC No. 6210250)
Joshua S. Goldberg (ARDC No. 6277541)
Steven C. Moeller (ARDC No. 6290263)
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street, Suite 2640
Chicago, Illinois 60601
Phone: 312-777-4300 – telephone
Fax: 312-777-4839 – facsimile
cyrluk@carpenterlipps.com

goldberg@carpenterlipps.com
moeller@carpenterlipps.com

*Counsel for Plaintiff, Ignite USA, LLC*